IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

FILED
BILLINGS DIV.
2011 FEB 16 PM 2 36
PATRICK E. ...
BY _____
DEPUTY CLERK

| | |
|---|---|
| PATRICIA LYNNETTE WINE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> NUVELL CREDIT COMPANY, ) <br> ) <br> Defendant. ) <br> _____ ) <br> ) <br> NUVELL CREDIT COMPANY, ) <br> ) <br> Third-Party Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> J.C. BILLION, INC., ) <br> ) <br> Third-Party Defendant. ) <br> _____ ) | CV-10-36-BU-RFC <br><br><br><br><br> **ORDER ADOPTING FINDINGS** <br> **AND RECOMMENDATIONS OF** <br> **U.S. MAGISTRATE JUDGE** |

On November 30, 2010, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends this Court Grant Nuvell's Motion for Summary Judgment to the extent it is directed at

1

Count VI of Wine's First Amended Complaint and relates to Wine's claim that MCA § 30-9A-609(2)(b) violates the United States Constitution.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the November 30, 2010 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

Wine asserts six claims against Nuvell. The first five are brought under state law. In Count VI, upon which this Court's federal question jurisdiction is based, Wine asks this Court to "declare 30-9A-609(2)(b) M.C.A. to be unconstitutional pursuant to Article VI, Clause 2 of the United States Constitution." Wine maintains that Montana's self-help repossession statute, MCA § 30-9A-609(2)(b), interferes with 16 C.F.R. § 433.

The state law that Wine contends interferes with federal law is Montana's self-help repossession statute which provides, in relevant part, that:

(1)    After default, a secured party:

    (a)    may take possession of the collateral;

2

      \*    \*    \*

(2)    A secured party may proceed under subsection (1):

      \*    \*    \*

    (b) without judicial process, if it proceeds without preach of the peace.

MCA § 30-9A-609.

Wine argues that the foregoing statute interferes with the Federal Trade Commission's ("FTC") so-called "Holder Rule," 16 C.F.R. § 433.2, which provides that, "[i]n connection with any sale or lease of goods or services to consumers," a consumer credit contract must contain the following provision in at least ten point, bold face, type:

NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

16 C.F.R. § 433.2 (2010).

First, it is apparent to this Court that Montana's self-help repossession statute has no effect on the requirements contained in 16 C.F.R. § 433.2. The federal regulation "requires purchase money loan agreements to contain a notice to

all loan holders that preserves the borrower's ability to raise claims and defenses against the lender arising from the seller's misconduct." *See In re Lewis*, 506 F.3d 927, 930, n.7 (9th Cir. 2007). Wine has neither alleged nor demonstrated that Montana's self-help repossession statute affects in any way whether the purchase money loan agreement at issue here contains the notice mandated by § 433.2. Wine concedes in her brief in response to Nuvell's motion that "[t]he contract for the purchase of the car contains the required language."

Second, Wine misapprehends the scope and reach of § 433.2 in arguing that the self-help repossession statute interferes with it. As noted in the *Guidelines on Trade Regulation Rule Concerning Preservation of Consumers' Claims and Defenses*, "the [Holder] Rule does not create new rights, or defenses. The words 'Claims and Defenses' which must appear in the Notice are not given any special definition by the [FTC]. The phrase simply incorporates those things which, as a matter of other applicable law, constitute legally sufficient claims and defenses in a sales transaction. Appropriate statutes, decision, and rules in each jurisdiction will control, and the pertinent rules of law and equity, including rules of evidence, procedure, and statutes of limitations, will continue to apply." *Guidelines on Trade Regulation Rule Concerning Preservation of Consumers' Claims and Defenses*, 41 Fed.Reg. 20,023-24 (1976). The Holder Rule does not create new claims or defenses with which the self-help repossession statute could interfere.

4

Rather, it abrogated the holder-in-due-course rule in consumer credit transactions, preserving and incorporating as against the creditor-assignee those legally sufficient claims and defenses as they may already exist under other applicable law. *See Ambre v. Joe Madden Ford*, 881 F.Supp. 1182 (N.D. Ill. 1995).

Third, Wine has failed to identify any claims or defenses that she has not had an opportunity to assert with respect to the sales transaction. There has been no evidence or argument demonstrating or even indicating that she was prevented by application of MCA § 30-9A-609 from asserting a claim or defense relative to her purchase of the car.

Because summary judgment is appropriate on Wine's claim upon which federal question jurisdiction is based, the Court must address whether it is necessary to continue to exercise supplemental jurisdiction over Wine's remaining state law claims under 28 U.S.C. § 1367. Supplemental jurisdiction under 28 U.S.C. § 1367(a) is discretionary and a court may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997).

This Court declines to exercise supplemental jurisdiction under the state law claims. This case has been pending a short time and any claims Wine may have under Montana law are matters of state concern, and are more properly addressed in the courts of the State of Montana.

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that Nuvell's Motion for Summary Judgment [*doc. 18*] is **GRANTED** to the extent it is directed at Count VI of Wine's First Amended Complaint and relates to Wine's claim that MCA § 30-9A-609(2)(b) violates the United States Constitution.

**IT IS FURTHER ORDERED** that this Court **DECLINES** to exercise supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(c)(3), and **REMANDS** the matter to Montana State Court.

The Clerk of Court shall notify the parties of the entry of this Order and close this case.

DATED the  16  day of February, 2011.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE